IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS McCANT, Inmate #N01050, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-644-WDS |
| ) | |
| PINCKNEYVILLE CORRECTIONAL ) | |
| CENTER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action seeks monetary relief from a defendant who is immune from suit; it is subject to summary dismissal.

## FACTUAL ALLEGATIONS

Plaintiff states that in January 2005, he was put found guilty of assaulting the Pinckneyville food supervisor, who was later promoted to warden. As a result of the promotion, Plaintiff was rendered "vulnerable for anybody who had a cause against me to succeed." Plaintiff states that a Lieutenant Williams (not a Defendant) contacted the county where he was convicted and obtained photographs of the victim he was convicted of sexually assaulting. The photos were altered to add cuts and bruises on the victim then copied and circulated throughout the institution and later to the entire Illinois Department of Corrections through transferred inmates. As a result, when Plaintiff was transferred to Stateville Correctional Center on a state court writ, he was "mentally" assaulted and "some attempts at assaulting me physically" by unnamed individuals. Plaintiff also states that unnamed individuals contacted the victim in the case to encourage her to sign an affidavit stating that the Plaintiff forced her to have sex with him.

## LEGAL STANDARDS

The situation described by Plaintiff states a legal claim for failure to protect him from harm by other inmates. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to

succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

Plaintiff states that Pinckneyville officials intentionally placed him at risk of assault by other inmates by distributing to other inmates photographs of the victim Plaintiff was convicted of sexually assaulting. Based on these facts, Plaintiff has alleged that he was incarcerated under "conditions posing a substantial risk of serious harm" and that Pinckneyville officials, in so doing, acted with deliberate indifference to the potential danger to Plaintiff's safety. Although Plaintiff does not claim that he knew specifically which inmates would assault him, his claim of widespread distribution of the photographs shows deliberate indifference to a risk of serious harm that is sufficient to state a claim, in that Plaintiff's allegations show that Pinckneyville officials caused the risk of harm.

### DEFENDANTS

Although Plaintiff has stated a colorable claim under section 1983, a problem arises in that Plaintiff has not named any specific individuals responsible for depriving him of a constitutional right. Plaintiff alleges that the food supervisor's later promotion to Warden caused unfavorable conditions in the prison, but he does not name this individual. He names but does not list as a

defendant a Lieutenant Williams who contacted the county of his conviction to obtain the photographs.  The only Defendant Plaintiff has listed by name is Pinckneyville Correctional Center.  Pinckneyville Correctional Center, a state entity, is not a "person" amendable to suit under section 1983, s*ee Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989), and even if it were, the state and its entities are immune from suit under the Eleventh Amendment.  *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

Because Plaintiff seeks monetary relief from a defendant, a state entity, that is immune from suit, it does not survive review under 28 U.S.C. § 1915A.  Accordingly, this action is **DISMISSED without prejudice** to Plaintiff's refiling it and naming specifically the persons responsible for depriving him of a constitutional right.

**IT IS SO ORDERED.**

**DATED: July 24, 2006**

                                            **s/ WILLIAM D. STIEHL**
                                            **DISTRICT JUDGE**